MᴄKIMMY v MELLING

Docket No. 298700. Submitted January 4, 2011, at Lansing. Decided February 10, 2011 at 9:00 a.m.

Plaintiff, Charla French McKimmy, moved in the Jackson Circuit Court for a change of domicile of herself and her two boys from Jackson, Michigan to Minot, North Dakota. The boys' father, Patrick Melling (defendant), opposed the move. He argued that plaintiff's proposed parenting-time schedule that would give him uninterrupted time with the boys for 10 weeks during the summer—in contrast with the existing schedule of every weekend including one overnight—would adversely affect his bond with the boys because the rest of the year he would have very little physical contact with them. The court, Susan E. Beebe, J., denied the motion, finding that the boys were too young for contact via telephone and the Internet to be meaningful and that weekly physical contact with defendant was better for the boys than a long, uninterrupted period. Plaintiff appealed.

The Court of Appeals *held*:

A parent of a child whose custody is governed by court order may change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued if the court after complying with MCL 722.31(4), permits the change of residence. Before allowing the change, the court must be satisfied that it is possible to order a modification of the parenting-time schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent. MCL 722.31(4)(c). The modified parenting-time schedule need not be equal with the current visitation plan, and the correct inquiry under factor (c) is not which plan—current or proposed—is the best plan but whether the proposed parenting-time schedule provides a realistic opportunity to preserve and foster the parental relationship previously enjoyed by the nonre-locating parent. The trial court erroneously interpreted the law and improperly compared the two schedules to determine which was better instead of considering whether the schedule proposed

by plaintiff provided a realistic opportunity or an adequate basis to preserve and foster the relationship defendant currently shared with the two boys.

Vacated and remanded.

PARENT AND CHILD — CHILD CUSTODY — CHANGES IN CHILD'S LEGAL RESIDENCE — FACTORS.

A parent of a child whose custody is governed by court order may change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued if the court, after complying with MCL 722.31(4), which sets forth factors to be considered in a change of domicile, permits the change of residence; before allowing the change, the court must be satisfied that it is possible to order a modification of the parenting-time schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; the modified parenting-time schedule need not be equal with the current visitation plan, and the correct inquiry under factor (c) is not which plan (the current plan or the proposed plan) is the best plan, but whether the proposed parenting-time schedule provides a realistic opportunity to preserve and foster the parental relationship previously enjoyed by the nonrelocating parent.

*Alane & Chartier, P.L.C.* (by *Natalie Alane*), for plaintiff.

*White & Hotchkiss, PLLC* (by *Kenneth R. Hotchkiss*), for defendant.

Before: HOEKSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM. Plaintiff appeals by leave granted the trial court's order denying her motion for change of domicile. Because we conclude that the trial court misapplied factor (c) of the statutory change of domicile factors, MCL 722.31(4), we vacate the trial court's order and remand for new findings on factor (c).

Plaintiff and defendant are the parents of two young boys. They share joint legal custody of the boys, while plaintiff maintains sole physical custody. Defendant has parenting time every weekend from 9:00 a.m. on Saturday until 7:00 p.m. on Sunday. He consistently exercises his parenting time, and his bond with the boys is "[e]xceptional."

In October 2009, plaintiff moved the trial court for permission to change the boys' domicile from Jackson, Michigan, to Minot, North Dakota, where her fiancé lived. At the evidentiary hearing, plaintiff testified that she had since married her fiancé and that they had purchased a four-bedroom house in a safe and family-oriented neighborhood in Minot. Plaintiff proposed a modified parenting-time schedule for defendant, where the boys would stay with defendant over the summer and on alternate holidays. Plaintiff also suggested that defendant could have regular contact with the boys over the telephone and the Internet. Defendant acknowledged that under plaintiff's proposed parenting time schedule, he would have substantially more overnights with the boys, but he believed that regular physical contact with the boys was necessary to maintain his bond with them.

The trial court denied plaintiff's motion for change of domicile. The trial court concluded that a move to North Dakota had the capacity to improve the quality of life for plaintiff and the two boys and that plaintiff's desire to move to North Dakota was not to defeat defendant's parenting time. However, it concluded that any benefits of the move were outweighed by the "potentially very dire" consequences on the relationship between defendant and the two boys. In reaching this conclusion, the trial court

found the ages of the boys, three and four years, to be particularly relevant. It stated:

> And at three and four years old you look for a lot of guidance and a lot of caring from your parents. And certainly at three and four years old you don't have a cell phone; you probably, these probably aren't kids that want to spend a whole heck of a lot of time on the phone; and they probably don't have a really long attention span when it comes down to sitting down and Skyping with dad or, or having that kind of relationship. And so much of preserving and fostering a relationship with younger children is simply being there and performing those tasks with them, and being as [defendant's attorney] referenced, being there for, you know, certain events that they go through and, and being able to be there and having the capacity and ability to be there to give them a hug, and, and that's not to say that you can't be an exceptional parent over the phone or via technology. I think — I, the court just thinks that with, with the children's ages it's probably a little more difficult to say that telephone contact and email contact and Skyping is gonna be as meaningful as, for a three and four year old, as having them spending time weekly in the physical presence of their dad.

The trial court recognized that defendant would have "nonstop parenting time" during the summer under plaintiff's proposed parenting-time schedule, but noted that "the cost" would be defendant having only very limited contact with the children during the remaining nine months of the year. It thought there was "a real possibility" that defendant's relationship with the two boys would suffer; it was unsure how well the relationship could be maintained if the boys were not in the physical presence of defendant each week.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court improperly analyzed factor (c) of the statutory change of

domicile factors, MCL 722.31(4). Specifically, plaintiff maintains that the trial court fixated too heavily on the frequency of the visits under her proposed parenting-time schedule and whether the two boys could effectively use technology, while failing to consider whether awarding defendant extended periods of parenting time would preserve and foster the parent-child relationship. We agree that the trial court erred in its application of factor (c), but for a reason different than that argued by plaintiff.

## A. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's ultimate decision whether to grant a motion for change of domicile. *Brown v Loveman*, 260 Mich App 576, 600; 680 NW2d 432 (2004). However, the trial court's findings of fact regarding the statutory change of domicile factors are reviewed under the great weight of the evidence standard. *Id.* Under this standard, we may not substitute our judgment on questions of fact unless the facts clearly preponderate in the opposite direction. *Rittershaus v Rittershaus*, 273 Mich App 462, 472-473; 730 NW2d 262 (2007). But where a trial court's findings of fact may have been influenced by an incorrect view of the law, our review is not limited to clear error. *Beason v Beason*, 435 Mich 791, 804-805; 460 NW2d 207 (1990).

## B. APPLICABLE LAW

"[A] parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued." MCL 722.31(1). However, the prohibition in subsection (1)

does not apply if the other parent consents to the move or the court, after complying with subsection (4), permits the change of residence. MCL 722.31(2). MCL 722.31(4) provides:

> Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider each of the following factors, with the child as the primary focus in the court's deliberations:
>
> (a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.
>
> (b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.
>
> (c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.
>
> (d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.
>
> (e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.[1]

The party requesting the change of domicile has the burden of establishing by a preponderance of the evidence that the change is warranted. *Mogle v Scriver*, 241 Mich App 192, 203; 614 NW2d 696 (2000).

---

[1] The trial court stated that factors (d) and (e) had no bearing on its decision.

Implicit in factor (c) is an acknowledgement that weekly visitation is not practicable when parents are separated by state borders. *Brown*, 260 Mich App at 603. Indeed, when the domicile of a child is changed, the new visitation plan need not be equal with the old visitation plan, as such equality is not possible. *Anderson v Anderson*, 170 Mich App 305, 310; 427 NW2d 627 (1988). The new visitation plan "only need provide a realistic opportunity to preserve and foster the parental relationship previously enjoyed" by the nonrelocating parent. *Mogle*, 241 Mich App at 204. This Court has previously opined that "[p]erhaps" extended periods of visitation will "foster, not hinder," a closer parent-child relationship. *Anderson*, 170 Mich App at 311. In applying factor (c), a trial court should consider the financial feasibility of the new visitation plan and the ages of the children, *Grew v Knox*, 265 Mich App 333, 341; 694 NW2d 772 (2005); *Brown*, 260 Mich App at 605, as well as the use of modern technology, *Rittershaus*, 273 Mich App at 468. The separation between a parent and a child "can be diminished by the use of modern communication technology." *Id.*

### C. APPLICATION

In this case, the trial court, as required by statute, MCL 722.31(4), kept the two boys as its primary focus in applying factor (c). It also gave consideration to many of the relevant factors identified in caselaw. The trial court considered the boys' young ages and found their ages to be particularly relevant. It considered the use of modern technology but found that the boys, because of their young ages, would not derive much benefit from communicating with defendant over e-mail, telephone,

and Skype.[2] In addition, the trial court acknowledged that under plaintiff's proposed parenting-time schedule, defendant would have 10 weeks of nonstop parenting time during the summer.

However, in applying factor (c), the trial court failed to recognize that the parenting-time schedule proposed by plaintiff need not be equal with the current visitation plan. *Anderson*, 170 Mich App at 310. The trial court, in considering whether modern technology could diminish the separation between defendant and the two boys, stated, "[I]t's probably a little more difficult to say that telephone contact and email contact and Skyping is gonna be as meaningful as . . . having them spending time weekly in the physical presence of [defendant]." The trial court essentially compared plaintiff's proposed parenting-time schedule with the current visitation plan, and found that the current plan was in the best interests of the two boys. But the inquiry under factor (c) is not which plan, the current visitation plan or the proposed schedule, is the best plan. Rather, the inquiry is only whether the proposed parenting-time schedule provides "a realistic opportunity to preserve and foster the parental relationship previously enjoyed" by the nonrelocating parent. *Mogle*, 241 Mich App at 204. Thus, the trial court should have considered whether the parenting-time schedule proposed by plaintiff provided "a realistic opportunity" or "an adequate basis," MCL 722.31(4)(c), to preserve and foster the relationship defendant currently shared with the two boys, without regard to whether plaintiff's proposed schedule was equally beneficial to the two boys as the current visitation plan. As a result, we are constrained to conclude that the trial court's decision was improp-

---

[2] Skype is an online software application that allows users to make both voice and video contact with other users by means of the Internet.

erly influenced by an erroneous interpretation of factor (c). *Beason*, 435 Mich at 804-805.

Consequently, we vacate the trial court's order denying plaintiff's motion for change of domicile and remand. On remand, the trial court shall apply its findings of fact on factor (c) by determining whether plaintiff's proposed parenting-time schedule provides "a realistic opportunity to preserve and foster the parental relationship" defendant enjoys with the two boys without comparing the current and proposed visitation plans. In accordance with those findings, the trial court shall issue a new order granting or denying plaintiff's motion.

Vacated and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.