# STATE OF MICHIGAN

# COURT OF APPEALS

MELISSA L. FLICK, f/k/a MELISSA L. MARSH,

UNPUBLISHED
January 5, 2016

Plaintiff-Appellee,

v

No. 327679
Midland Circuit Court

JUSTIN D. MARSH,

LC No. 11-007745-DM

Defendant-Appellant.

Before: Saad, P.J., and Stephens and O'Brien, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's opinion and order granting plaintiff's motion to change the domicile of their minor child. For the reasons set forth below, we affirm.

"This Court reviews for an abuse of discretion a trial court's ultimate decision whether to grant a motion for change of domicile. In this context, an abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014) (internal citation omitted). Similarly, in this context, this Court reviews for clear legal error questions of law, including the interpretation and application of a statute. *Id*. "A trial court commits legal error when it incorrectly chooses, interprets, or applies the law." *Id*. This Court reviews a trial court's factual findings in applying the factors set forth in MCL 722.31 under the great weight of the evidence standard. *Gagnon v Glowacki*, 295 Mich App 557, 565; 815 NW2d 141 (2012). " 'Under this standard, we may not substitute our judgment on questions of fact unless the facts clearly preponderate in the opposite direction.' " *Id*. quoting *McKimmy v Melling*, 291 Mich App 577, 581; 805 NW2d 615 (2011).

---

[1] *Melissa L Flick v Justin D Marsh*, unpublished order of the Court of Appeals, entered July 28, 2015 (Docket No. 327679).

Plaintiff moved the trial court to change the child's domicile from Midland, Michigan to Boston, Massachusetts after defendant would not consent. At a hearing on the motion, the court heard testimony from plaintiff and her husband, and defendant and his wife. Plaintiff and her husband testified to their relationships with the child and the improvement the move would make on the child and plaintiff's life. Defendant and his wife testified to their relationships with the child and the strain the move would inflict on defendant's relationship with the child. After consideration of the factors enumerated in MCL 722.31, the court granted plaintiff's motion. Defendant argues that the trial court abused its discretion in granting plaintiff's motion. We disagree.

When a parent attempts to change the domicile of a child to a location that is over 100 miles away or to another state, regardless of the distance involved, MCL 722.31 is implicated. *Gagnon*, 295 Mich App at 566. MCL 722.31 provides, in pertinent part, as follows:

> (1) A child whose parental custody is governed by court order has, for the purposes of this section, a legal residence with each parent. Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

* * *

> (4) Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider each of the following factors, with the child as the primary focus in the court's deliberations:

> (a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.

> (b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.

> (c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.

> (d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

> (e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

"The party requesting the change of domicile has the burden of establishing by a preponderance of the evidence that the change is warranted." *McKimmy*, 291 Mich App at 582.

Defendant argues that the trial court's factual findings with respect to factors (a), (b), and (c) were against the great weight of the evidence. This Court's review focuses on whether the trial court's findings are " 'so contrary to the great weight of the evidence as to disclose an unwarranted finding, or whether the verdict is so plainly a miscarriage of justice as to call for a new trial . . . .' " *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994) quoting *Murchie v Standard Oil Co*, 355 Mich 550, 558; 94 NW2d 799 (1959). This Court "should not substitute its judgment on questions of fact unless they 'clearly preponderate in the opposite direction.' " *Id*.

With respect to factor (a), the court concluded that the change of domicile would improve the quality of life for both the child and plaintiff. Plaintiff's husband testified that he would earn over $100,000 with his new employment in Massachusetts. The trial court found credible plaintiff's and her husband's testimony as to how that increase in income would benefit plaintiff and the child. The trial court specifically noted the improved potential for plaintiff's employment, the potential for a superior education for the child, and the potential to improve plaintiff's and the child's living situation. We defer to those credibility determinations, *Kessler v Kessler*, 295 Mich App 54, 64; 811 NW2d 39 (2011), and conclude that the trial court's factual findings with respect to factor (a) were not against the great weight of the evidence.

With respect to factor (b), whether the relocation was inspired by the relocating parent's desire to frustrate parenting time, the trial court found that there was no evidence to support such a conclusion. Defendant argues that this finding was against the great weight of the evidence based on his and his wife's testimony that plaintiff has previously refused parenting time and was attempting to replace defendant with her new husband as the child's father. However, while that is an accurate summary of defendant's and his wife's testimony, it is also true that plaintiff allowed defendant to exercise an additional week of parenting time outside of what the divorce judgment required. Plaintiff also expressly testified that relocating was not inspired by a desire to defeat defendant's parenting time. The trial court found plaintiff's and her husband's testimony more credible, and, again, that is a determination that we defer to, *Kessler*, 295 Mich App at 64, and conclude that the trial court's factual findings with respect to factor (b) were not against the great weight of the evidence.

The same is true with respect to factor (c), whether there is a realistic opportunity for the non-relocating parent to preserve and foster the parental relationship that was previously enjoyed. The trial court found that such a relationship could "be preserved with a visitation schedule and Skype or video communication." Defendant contends that this finding was against the great weight of the evidence because such a substantial decrease in parenting time would prevent a realistic opportunity to preserve and foster a relationship with the child. While it certainly appears that defendant's parenting time is reduced by the new parenting-time schedule, the inquiry under factor (c) is not whether the new parenting schedule is equivalent to the old; rather, it is "whether the proposed parenting-time schedule provides 'a realistic opportunity to preserve and foster the parental relationship previously enjoyed' by the nonrelocating parent." *McKimmy*, 291 Mich App at 584 (citation omitted); see also *Brown v Loveman*, 260 Mich App 576, 603; 680 NW2d 432 (2004). While defendant's parenting time is not equivalent, he

nevertheless maintains a realistic opportunity to preserve and foster a relationship with parenting time during summer, winter, and spring breaks, as well as the opportunity to communicate with the child twice per week via webcam or telephone. Thus, we conclude that the trial court's factual findings with respect to factor (c) were not against the great weight of the evidence.

Given our conclusion that the trial court's factual findings with respect to the factors set forth in MCL 722.31 were not against the great weight of the evidence, we also conclude that the court did not abuse its discretion in granting plaintiff's motion to change the child's domicile.

For the same reason, we need not address defendant's mootness argument. We also decline "to impose sanctions" as requested by plaintiff.

Affirmed.

/s/ Henry William Saad
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien