*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TYRA LYNAE GRAYER,

Plaintiff/Counterdefendant-
Appellee,

v

CURTIS GRAYER III,

Defendant/Counterplaintiff-
Appellant.

UNPUBLISHED
April 11, 2019

No. 345322
Jackson Circuit Court
LC No. 15-000686-DM

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant, Curtis Grayer III, appeals as of right the trial court's opinion and order denying his motion regarding a change of custody and change of domicile for the two minor children he shares with plaintiff, Tyra Lynae Grayer. We vacate the trial court's opinion and remand for further proceedings.

Plaintiff and defendant enjoyed joint physical and legal custody of their two minor children since their divorce. Defendant recently moved from Michigan to Indiana to pursue an education at Notre Dame Law School. Defendant sought sole legal custody of the children, a change of domicile, and increased parenting time. After an evidentiary hearing and an interview with the children, the trial court issued an order finding that defendant had not proven by clear and convincing evidence that a change of domicile was in the children's best interests. The trial court denied defendant's motion for a change of custody and a change of domicile and instead awarded primary physical custody to plaintiff. Defendant now appeals.

Defendant raises a number of claims on appeal: the trial court erred when it denied his motion for a change of domicile, it erred while analyzing the best-interest factors, it erred when denying his proposed parenting-time schedule, and it erred when it changed the parties' custody agreement. Because defendant's first argument is meritorious, we decline to review the remaining claims on appeal.

Generally, in child-custody disputes, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. "This Court reviews discretionary rulings, including a trial court's custody and parenting-time decisions, for an abuse of discretion." *Mitchell v Mitchell*, 296 Mich App 513, 522; 823 NW2d 153 (2012). An abuse of discretion with regard to a custody issue occurs "when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). Additionally, a trial court commits "clear legal error" when it chooses, interprets, or applies the law incorrectly. *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994).

Generally, "[a] child whose parental custody is governed by court order has, for the purposes of this section, a legal residence with each parent," and the child's parents may not change the legal residence of the child to a location more than 100 miles from their location at the time the original order was issued. MCL 722.31(1). When a party seeks a change of domicile over 100 miles, a trial court must consider the following factors, with the children as the trial court's primary focus:

> (a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.

> (b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.

> (c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.

> (d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

> (e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child. [MCL 722.31(4).]

The trial court's process for deciding a motion for change of domicile "essentially requires a four-step approach." *Rains v Rains*, 301 Mich App 313, 325; 836 NW2d 709 (2013).

First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio*[1] factors, support a motion for a change of domicile. Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists. Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment. Finally, if, and only if, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence. [*Id.*]

Defendant submits that the trial court erred in the first step of its analysis when it applied MCL 722.31(4)(c). Regarding this factor, the trial court stated that "[g]iven the parties [sic] established parenting time schedule, and Plaintiff-Mother's custodial relationship with the children, a move of this distance would ultimately disrupt and significantly alter the current arrangements." A trial court's inquiry on this matter should not be whether the proposed parenting-time schedule is equivalent to the old; rather, it should be "whether the proposed parenting-time schedule provides a realistic opportunity to preserve and foster the parental relationship previously enjoyed" by the nonmoving parent. *McKimmy v Melling*, 291 Mich App 577, 584; 805 NW2d 615 (2011) (cleaned up).

Defendant argues that the trial court erred because it considered the effect of the move on plaintiff's relationship with the children, but it did not consider the effect of the move on defendant's relationship with the children. This argument is without merit. Defendant's motion centers around his relationship with the children: if he moves and has primary physical custody of the children, certainly he will be able to maintain his relationship with them. Therefore, the trial court must inquire only whether the nonmoving parent's relationship will be preserved. See *id*. The trial court did not err when it failed to state that defendant's relationship with the children would be preserved if he moved with the children.

The trial court did commit clear legal error, however, when it applied Subsection (c). The proper question is not whether plaintiff could maintain the current visiting schedule. *Id*. But this is what the trial court considered, finding that "a move of this distance would ultimately disrupt and significantly alter the current arrangements." The trial court only considered whether, after defendant moved, plaintiff would be able to continue her current parenting-time arrangement. This was improper. See *id*. The trial court should have, instead, considered whether the proposed schedule would provide plaintiff with a realistic opportunity to maintain her relationships with the children. See *id*. Therefore, the trial court's decision was "improperly influenced by an erroneous interpretation of factor (c)." *Id*. at 584-585. The trial court clearly erred. See *Fletcher*, 447 Mich at 881. Because the trial court erred on this point, defendant is

---

[1] *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976).

entitled to a remand. See *McKimmy*, 291 Mich App at 585. We decline to review the remaining issues raised by defendant on appeal.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron