*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DESIREE PATRICE SIMONE MCCOWAN,

Plaintiff-Appellant,

v

DEREK FORBES, JR.,

Defendant-Appellee.

UNPUBLISHED
October 19, 2023

No. 364901
Wayne Circuit Court
Family Division
LC No. 18-152616-DS

Before: MURRAY, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff and defendant share joint legal and physical custody of two children. Plaintiff planned to move from Michigan to Georgia with the children. The trial court denied plaintiff's motion to change the domicile of the two children. We affirm.

Plaintiff argued that the factors under MCL 722.31(4) favored her motion to change the children's domicile because moving to Georgia would allow her to earn "significantly more income," the elementary schools were better for the children in Georgia than Michigan, and plaintiff's extended family in Georgia would provide a better support system for her and the children. Further, plaintiff argued that defendant had reduced his parenting time with the children because of his new job, and there had been a domestic-violence incident in which defendant pushed her to the ground, grabbed the children from her car, and drove away with the children. Defendant responded that he had notified plaintiff that he was able to resume the original week-by-week parenting time schedule, and the domestic-violence incident occurred when plaintiff had just "punched [him] in [his] head five times."

The trial court denied plaintiff's motion to change domicile after it found that there was an established-custodial environment with both parties, defendant was still a part of the children's lives and had recommitted to seeing the children on the original week-by-week schedule, the domestic-violence incident was a "heated discussion" without ongoing domestic violence, and plaintiff had not shown that moving to Georgia was in the best interests of the children.

-1-

Plaintiff now appeals. Defendant has chosen not to file a brief or otherwise participate in this appeal.

We "review a decision on a petition to change the domicile of a minor child for an abuse of discretion." *Gagnon v Glowacki*, 295 Mich App 557, 565; 815 NW2d 141 (2012). "An abuse of discretion is found only in extreme cases in which the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias." *Brown v Loveman*, 260 Mich App 576, 600-601; 680 NW2d 432 (2004) (cleaned up). A trial court's findings in applying the MCL 722.31 factors are reviewed under "the great weight of the evidence standard." *Id.* at 600. Under this standard, this Court "may not substitute [its] judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Gagnon*, 295 Mich App at 565.

In cases concerning child custody, MCL 722.31(1) prohibits "a parent of a child whose custody is governed by court order [from changing] a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued" without court approval. "The party requesting the change of domicile has the burden of establishing by a preponderance of the evidence that the change is warranted." *McKimmy v Melling*, 291 Mich App 577, 582; 805 NW2d 615 (2011).

MCL 722.31(4) provides the factors that must be considered when a party requests a change in a child's domicile:

> (4) Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider each of the following factors, with the child as the primary focus in the court's deliberations:
>
> (a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.
>
> (b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.
>
> (c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.
>
> (d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

(e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

"The statutory language requiring a court to consider the factors under MCL 722.31(4) . . . does not require the court to specifically delineate its findings with regard to each factor." *Yachcik v Yachcik*, 319 Mich App 24, 37; 900 NW2d 113 (2017). Instead, the court is required to "carefully think about, take into account, or assess each factor, but there is no indication that a trial court is required to take further action, such as making explicit findings on the record." *Id*.

In this case, the trial court referenced the change in schooling for the children, defendant's parenting time, the children's custodial environments with both parties, and the domestic-violence incident between the parties. The trial court concluded that plaintiff had not established that a change in the children's domicile would be in their best interests. Even though the trial court did not specifically comment on each of the listed factors in MCL 722.31(4), the trial court was not required to delineate its findings with regard to each factor. *Id*. The trial court did not refer specifically to whether plaintiff would, herself, benefit from moving to Georgia, but it did consider that plaintiff had family in Georgia, though this was not sufficient to justify the move. Moreover, plaintiff argues on appeal only vaguely how her own personal life would improve by a move to Georgia, apart from the purported domestic-violence incident, which the trial court explicitly considered. When considering the evidence presented, the trial court's denial of plaintiff's motion was not so palpably and grossly violative of fact and logic that it evidenced a perversity of will. *Brown*, 260 Mich App at 600-601.

Lastly, plaintiff argues that the trial court erred by not conducting an evidentiary hearing to consider the MCL 722.31(4) factors. Plaintiff did not raise this issue or request an evidentiary hearing in the trial court. "By failing to raise [an] issue in the trial court, [a] plaintiff[] deprive[s] the trial court of the opportunity to correct it in a timely and equitable manner and waive[s] the error." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 3. Accordingly, we decline to address this unpreserved claim.

Affirmed.

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

-3-